UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUEI J. DAI et al., | No. 2:19-cv-0735 DB P |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

The plaintiffs in this action are federal inmate Matthew Muller, his father, Monty Muller, and Matthew Muller's wife, Huei Dai. Plaintiffs' claims arise from Matthew Muller's pretrial detainment at the Sacramento County Jail. Presently before the court is plaintiffs' motion for leave to register for e-service (ECF No. 7) and their motion to amend (ECF No. 8).

**MOTION TO AMEND**

Before the court screened plaintiffs' original complaint, they moved for leave to amend the complaint (ECF No. 8) and filed an amended complaint (ECF No. 10). Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Further, once an amended complaint has been filed it supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Accordingly, the court

1

will grant the motion to amend (ECF No. 8).  However, as set forth below, the court will direct each plaintiff to file their own amended complaint.

**SEVERANCE**

The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir.) cert. denied, 502 U.S. 899 (1991); Maddox v. County of Sacramento, No. 2:06-cv-0072 GEB EFB, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006).

Individuals may appear in propria personal on their own behalf.  However, they may not represent the interest of others without first obtaining counsel.  C. E. Pope Equity Trust v. United States, 818 F.2d 698 (9th Cir. 1987) (citing McShane v. United States, 366 F.2d 286 (9th Cir. 1966)).  Additionally, an action brought by multiple people proceeding pro se, including one who is presently imprisoned, presents "unique problems not presented by ordinary civil litigation." Heilman v. Thumeser, 2011 WL 5508891, at *1 (E.D. Cal. Nov. 9, 2011); see also Mizerak v. Kendricks, 2008 WL 4809866 (E.D. Cal. Nov. 3, 2008) ("[A]n action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion.").

The court finds that the plaintiffs' claims in this action should be severed based on the risk of delay and confusion in proceeding with an action where the plaintiffs are proceeding pro se and one of the plaintiffs is incarcerated.  Plaintiff Matthew Muller will proceed in this action, and plaintiffs Monty Muller and Huei Dai shall each proceed in their own separate civil actions to be opened by the Clerk of the Court.  Each plaintiff will proceed in their own action and will be solely responsible for their own action.

The Clerk of the court will be directed to assign the new action to the undersigned.  The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

////

The plaintiffs will be given thirty days to file an amended complaint and Monty Muller and Huei Dai shall also pay the filing fee or submit an application to proceed in forma pauperis in their own actions within thirty days. Should any plaintiff choose not to proceed with their claims they should file a voluntary notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a).

## MOTION FOR E-SERVICE

Plaintiffs have filed a motion seeking leave to register for electronic filing. (ECF No. 7.) The Local Rules generally require pro se parties to file and serve paper documents. See E.D. Cal. Local Rule 133(a). However, a pro se litigant may request an exception by filing a "motion [] setting out an explanation of reasons for the exception." E.D. Cal. Local Rule 133(b)(2), (3). Because the court has determined that the plaintiffs' claims should be severed, the court will deny the motion for e-service without prejudice. Plaintiffs Dai and Monty Muller may bring a renewed motion for e-service in their newly opened actions.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 8) is granted;
2. Plaintiff's motion for e-service (ECF No. 7) is denied;
3. Plaintiff Matthew Muller's claim is severed from the claims of plaintiffs Monty Muller and Huei Dai.
4. Plaintiff Matthew Muller shall proceed as the sole plaintiff in case No. 2:19-cv-0735.
5. The Clerk of the Court is directed to:
    a. Open separate civil actions for Monty Muller and Huei Dai;
    b. Assign both newly opened actions to the undersigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignments;
    c. File and docket a copy of this order in the files opened for plaintiff's Monty Muller and Huei Dai;
    d. Place a copy of the First Amended Complaint filed February 3, 2020, in the files opened for plaintiffs Monty Muller and Huei Dai;

////

3

    e. Strike Matthew Muller's name from the caption of the complaints in Monty Muller's and Huei Dai's actions, strike Monty Muller's name from the caption of the complaints in Matthew Muller's and Huei Dai's actions, and strike Huei Dai's name from the complaints in Matthew Muller's and Monty Muller's actions.

6. Each of the plaintiffs' first amended complaints are dismissed with leave to amend.

7. Within thirty days of the date of service of this order each plaintiff shall file an amended complaint. Plaintiffs Monty Muller and Hui Dai shall also file an application to proceed in forma pauperis or pay the filing fee within thirty days of service of this order. All of the plaintiffs' filings must bear the docket number assigned to their own individual case and each complaint must be labeled "Second Amended Complaint." Failure to file an amended complaint may result in a recommendation that the action be dismissed.

Dated: November 23, 2020

_[signature]_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/dai0735.sever